F. H. KEAN's ADM'X *v.* WILLIS DEHONEY's ADM'R.

**Contracts—Guaranty—Consideration.**

Where, since the assignment of a note, the assignor and his surety, without additional consideration, undertook, by a written agreement, to make good the collection of a note, the obligors can not be held responsible on such undertaking.

APPEAL FROM SCOTT CIRCUIT COURT.

December 25, 1872.

OPINION BY JUDGE PETERS:

Prior to the 7th of July, 1869, F. J. Dehoney had sold and assigned a note for some $1,400 on one Clark to F. H. Kean, appellant's intestate, for a valuable consideration, and on the day above named, said F. J. Dehoney, with Willis Dehoney as his surety, executed an obligation to said Kean, reciting the facts in relation to the assignment of the note, and that Kean had instituted suit on the same in the Scott Circuit Court against Clark to recover the amount, and to enforce an alleged lien on a tract of land in Scott county conveyed by said F. J. Dehoney to Clark—that Clark was defending said suit, claiming that a prior lien existed on said land, or a part thereof, in favor of W. E. Featherston. Therefore the said F. J. Dehoney (and Willis Dehoney as his surety), bound themselves to make good the collection of said demand and to pay to Kean any amount he shall fail to make by the judgment he might recover in said suit against said Clark—that is to say, if F. J. Dehoney did not remove said Featherston's lien on the land so as to enable Kean to collect his money, said F. J. Dehoney and Willis Dehoney bound themselves to make good any deficit in said collection.

It does not appear that the writing executed by the two Dehoneys guaranteeing the payment of the note previously assigned by F. J. Dehoney to the intestate Kean was upon any consideration of advantage to the guarantors, or either of them, or loss or inconvenience or delay in his legal remedy to the obligee Kean.

The note on Clark had been assigned to him by F. J. Dehoney previous to the execution of the writing, and he has his recourse on

his assignor in case he failed to make the debt of the obligor with which he seems to have been satisfied when he contracted for the note; so that as to the principal in the obligation there seems to be no consideration for the subsequent guaranty, and certainly there was none as to Willis Dehoney, who executed it as mere surety, not connected in any way with the original transaction.

As no additional or new consideration has been shown since the assignment of the note for the execution of the writing, the obligors can not be made responsible. Chitty on Contracts, 52. *Smith v. Glass,* manuscript Opinion Winter term 1853-54.

Wherefore the judgment is *affirmed.*

*Rodman, for appellant.*

*Darnby, for appellee.*